IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| COPECA, INC.<br><br>          Plaintiff<br><br>                    v.<br><br>WESTERN AVIATION SERVICES<br>CORPORATION; PETRO AIR, INC.<br><br>          Defendant | CIVIL NO. _____<br><br>Antitrust/Triple Damages,<br>Declaratory and Injunctive<br>Relief<br><br>TRIAL BY JURY IS DEMANDED |

## COMPLAINT

TO THE HONORABLE COURT: Comes now, Plaintiff, Copeca, Inc. ("COPECA") by its undersigned counsel, brings the following complaint for damages and other relief against Western Aviation Services, Corp. ("WASCO") and Petro Air, Inc. ("Petro Air") and in support thereof very respectfully states, alleges and prays as follows:

### I. NATURE OF THIS ACTION

1.   COPECA brings this civil antitrust action seeking to obtain compensation for damages and injunctive relief against an anticompetitive tying arrangement of defendants that violates the Clayton and Sherman Acts.

### II. JURISDICTION AND VENUE

2.   This action arises under the antitrust laws of the United States, more particularly Sections 1 and 2 of the Sherman Act (15 U.S.C. § 1, 2), Sections 3, 4 and 16 of the Clayton Act (15 U.S.C.

§14, 15 and 26), and under the laws of the Commonwealth of Puerto Rico.

3.    The jurisdiction of the Court is invoked under, and is conferred by, Sections 4 and 16 of the Clayton Act (15 U.S.C. § 15 and 26), 28 U.S.C. §1337, and principles of pendent jurisdiction.

4.    All parties to this action have their principal place of business in or are found in, or transact business primarily in the Commonwealth of Puerto Rico.   The acts complained herein have been, and are being, carried out primarily in the Commonwealth of Puerto Rico.    Accordingly venue lies in the District of Puerto Rico pursuant to section 12 of the Clayton Act, 15 U.S.C. §22, and 28 U.S.C. §1391.

5.   Plaintiff in the above entitled matter demands a trial by jury of all facts, issues, and claims in this action and respectfully requests that this matter be placed on the jury docket.

### III. PARTIES

6.   Plaintiff COPECA is a corporation organized and existing under the laws of Puerto Rico, with it's principal place of business located at the Rafael Hernández Airport ("the Airport") in Aguadilla, Puerto Rico.

7.   Codefendant WASCO is a corporation organized and existing under the laws of Puerto Rico, with it's principal place of business located at the Airport.

8.    Codefendant Petro Air is a corporation organized and existing under the laws of Puerto Rico, with it's principal place of business located in Aguadilla, Puerto Rico.   Upon information and belief, Petro Air is an affiliate or a related entity of codefendant WASCO and is engaged in the business of refueling private and commercial aircraft.

### IV.  FACTS RELEVANT TO ALL CAUSES OF ACTION

9.    The Airport is the principal aviation facility in the western area of Puerto Rico having the longest runway in the Caribbean.   The Airport serves both passenger and cargo airlines such as Continental, JetBlue, Spirit, DHL, FedEx, Roblex and CaribEx Worldwide, among others.

10.    On any given day close to five (5) passenger commercial jets and three (3) commercial cargo jets use the Airport.

11.    A fixed base operator ("FBO") is an airport service center offering multiple services such as aircraft refueling and providing facilities and equipment for receiving and handling charter, cargo and passenger flights.   COPECA and WASCO are the only two (2) FBO's presently operating at the Airport.

12.    WASCO and COPECA are the only two (2) entities supplying aviation fuel at the Airport.   COPECA took approximately  ten (10) years of extensive licensing and regulatory efforts to obtain the Puerto Rico Ports Authority's ("Port Authority") permission to sell aviation fuel at the Airport.   The regulatory process to obtain

such approval from the Ports Authority, and the regulatory process to obtain the approval of fuel storage facilities from both federal and Commonwealth agencies constitute significant barriers to entry to potential competitors.

13.   Presently, WASCO is the only FBO able to provide ground handling services to large passenger and cargo jets.   Servicing such aircraft requires a significant investment in equipment to provide electric power to aircraft, "push-back" tractors, escalators, air-conditioning service, baggage and cargo handling.

14.   WASCO has engaged in the practice of conditioning the provision of ground handling services to large passenger and commercial jets to the concurrent purchase of jet fuel from WASCO and/or Petro Air.   WASCO refuses to provide ground handling services for large commercial jets unless the client also agrees to purchase WASCO and/or Petro Air supplied jet fuel.  To enforce that policy, WASCO informs customers that if they don't purchase the fuel from them, they won't provide the ground handling services.

15.   In the alternative, Petro Air is either an affiliate or related entity of WASCO and together Petro Air and WASCO act jointly in engaging in the anti-competitive behavior complained of herein or WASCO and Petro Air have conspired or combined amongst themselves in violation of Section 1 and 2 of the Sherman Act.

16.   Airlines that have requested obtaining jet fuel from COPECA, have been informed by WASCO that it would not provide

4

ground handling services to those clients unless they also purchased their fuel from WASCO and/or Petro Air.

17.   For example, on July, 2008, Atlas Air, an operator of a Boeing 747 cargo jet, agreed to purchase its fuel from COPECA believing that WASCO would provide the required ground handling services.  However, Atlas Air was required by WASCO to purchase the fuel from WASCO and/or Petro Air as a condition to WASCO providing ground handling services to Atlas.  As a result, Atlas Air had no choice but to obtain both services from WASCO.

18.   Full and open competition in the market for refueling services has been foreclosed by WASCO and Petro Air's practices. Passenger and cargo airlines have been denied the opportunity to freely choose between competing goods.  Those who would have selected or considered COPECA on the basis of price, or the quality of its product have instead been forced to purchase jet fuel from WASCO and/or Petro Air on terms that may have been viewed as inferior.  As a direct and proximate result of WASCO and Petro Air's conduct, COPECA has lost sales of fuel to large commercial jets in the Airport.

19.   Ground handling is a service separate and distinct from the sale of aircraft fuel.  Clients wanting ground handling services do not necessarily want to purchase their fuel from that ground handler, as they expect to purchase their fuel based upon the fuel's price and quality.  Ground handling and jet fuel are not

5

substitutes for one another.

20.   WASCO has appreciable economic power in the Airport to force the purchase of fuel by commercial jets.  It is the only provider of ground handling services for such aircraft in the Airport, an essential service.

21.   The amount of interstate or foreign commerce affected by defendant's anticompetitive behavior is substantial.  The Airport hosts various daily wide-body passenger and cargo flights that require large quantities of fuel.  For example, a Boeing 747 cargo aircraft may take on up to 30,000 gallons (approx. $120,000) of jet fuel, and a Boeing 737 aircraft may take on up to 5,000 gallons (approx. $20,000).

22.   WASCO and Petro Air have accordingly tied one product (ground handling services) to another product (jet fuel).  Because WASCO is the sole provider in the tying product(ground handling services) to large commercial jets, and a substantial volume of commerce in the tied product (jet fuel) has been affected by the policy and practices here alleged, this tying arrangement unreasonably restrains trade and is unlawful under Section 1 of the Sherman Act, 15 U.S.C. §1 and Section 3 of the Clayton Act, 15 U.S.C. §14.

23.   As a result of the policy and practices alleged, the defendants have gained a competitive advantage and have foreclosed competition in the sale of jet fuel in the Airport, thereby

6

attempting to monopolize trade and commerce in violation of Section 2 of the Sherman Act, 15 U.S.C. §2, and Section 3 of the Clayton Act, 15 U.S.C. §14.

## V. CAUSES OF ACTIONS

### FIRST CAUSE OF ACTION

24.   Plaintiff COPECA repeats and realleges the allegations contained in paragraphs 1-23 hereof.

25.   As a direct and proximate result of the anti-competitive acts and conduct engaged in by WASCO and Petro Air, COPECA has suffered an antitrust injury to its business and property in an amount to be determined, but which is believed to be in excess of $10,000,000 million dollars, and COPECA is entitled to recover threefold the damages sustained by it, and the costs of maintaining this suit, including reasonable attorney's fees, pursuant to 15 U.S.C. §15(a).

### SECOND CAUSE OF ACTION

26.   Plaintiff COPECA repeats and re-alleges the allegations of paragraphs 1-23, and 24-25.

27.   Defendant's anticompetitive conduct is of a nefarious and continuous nature and is causing plaintiff COPECA actual and threatened irreparable losses and damages of the type that the antitrust laws were designed to prevent and that flows from that which makes defendant's acts unlawful.   COPECA has no adequate remedy at law to protect against the continuation of such conduct,

7

the anticompetitive effects it is causing and the injury to COPECA that such anticompetitive effects cause and threaten to continue causing, unless injunctive relief is issued against defendant, pursuant to Section 16 of the Clayton Act (15 U.S.C. § 26) enjoining them from engaging in said conduct or any similarly illegal act.    Plaintiff seeks both preliminary and permanent injunctive relief to restrain defendants from engaging in the aforementioned illegal conduct.

### THIRD CAUSE OF ACTION

28.    Plaintiff COPECA repeats and re-alleges the allegations in paragraphs 1-23, 24-25, and 26-27.

29.    Defendants' conspiracy, combination and conduct was intended to and did unreasonably restrain trade and commerce in the sale of aircraft fuel in the Airport and thus violated Sections 258 and 260 of Title 10 of the Laws of Puerto Rico.

30.    As a direct and proximate result of the anti-competitive acts and conduct engaged in by WASCO and Petro Air, COPECA has lost sales, revenues, and profits, has been deprived of reasonable profits on the sales it has made, and has had its overall growth and development impaired.    COPECA has thus suffered injury to its business and property in an amount to be determined, but which is believed to be in excess of $10,000,000 million dollars, and COPECA is entitled to recover threefold the damages sustained by it, and the costs of maintaining this suit, including reasonable attorney's

8

fees, pursuant to 10 L.P.R.A. § 268.

### FOURTH CAUSE OF ACTION

31.   Plaintiff COPECA repeats and re-alleges the allegations of paragraphs 1-23, 24-25, 26-27 and 28-30.

32.   Defendants' illegal and/or tortious conduct was and is intended to and has adversely interfered with and impaired the current and/or prospective aircraft fuel sales business of COPECA with numerous commercial and private air services.

33.   As a direct and proximate result of this unlawful interference, COPECA has lost sales, revenues and profits, has been deprived of reasonsable profits on the sales it has made, and has had its overall growth and development impaired.  COPECA's damages are in an amount yet to be determined, but which is believed to be in excess of $10,000,000.  COPECA is entitled to recover the damages sustained by it plus prejudgment interest, and the costs of maintaining this suit, including reasonable attorney's fees, pursuant to Article 1802 of the Civil Code of Puerto Rico, 31 LPRA § 5141, the general civil law of Puerto Rico and Rule 44 of Civil Procedure.

WHEREFORE, Plaintiff COPECA respectfully requests:

A.   That judgement be entered for COPECA and against defendants for each of the aforesaid causes of action for triple the damages suffered by COPECA plus prejudgment interest, costs, and attorney's fees.

B.   That WASCO and Petro Air be preliminarily and permanently enjoined from continuing or making any contract or agreement or engaging or continuing to engage in any combination or conspiracy in restraint of trade in the market for the sale of aircraft fuel;

C.   Granting such other and further relief to COPECA as this Court may deem just and proper.

RESPECTFULLY SUBMITTED.

In San Juan, Puerto Rico, on this 23 day of September, 2008.

MUÑOZ BONETA BENITEZ
PERAL & BRUGUERAS
P.O. Box 191979
San Juan, Puerto Rico 00919-1979
Tel. (787)751-9393
Fax  (787)751-0910
bbonet@munetlaw.com


S/Roberto Boneta
USDC-PR 115212


S/Ramon G Vega Dórticos
USDC-PR 224803

10