IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| COPECA, INC.,<br><br>      Plaintiff<br><br>      v.<br><br>WESTERN AVIATION SERVICES CORP.,<br>et al.,<br><br>      Defendants | CIVIL NO. 08-2090 (JP) |

## OPINION AND ORDER

Before the Court is Defendant Petro Air, Inc.'s ("Petro Air") motion to dismiss (**No. 18**) and Plaintiff COPECA, Inc.'s ("COPECA") opposition thereto (No. 21).  Plaintiff COPECA filed the instant lawsuit alleging antitrust violations pursuant to the Sherman Act, 15 U.S.C. §§ 1, 2, and the Clayton Act, 15 U.S.C. §§ 14, 15, 26, as well as Puerto Rico state law.  Plaintiff's complaint alleges that Defendants have engaged in an illegal restraint of trade by tying the sale of airport ground handling services to the sale of jet fuel.  Defendant Petro Air moves to dismiss Plaintiff's complaint, alleging that Petro Air is not an affiliate of Defendant Western Aviation Services Corp. ("WASCO"), and is not responsible for any tying arrangement allegedly carried out by WASCO.  For the reasons stated herein, Petro Air's motion to dismiss is hereby **DENIED**.

CIVIL NO. 08-2090 (JP)          -2-

## I.   **FACTUAL ALLEGATIONS**

Defendant Petro Air is a petroleum products company that sells products including jet fuel.  As further discussed in the Court's Opinion and Order entered this same date addressing Plaintiff's motion for a preliminary injunction, Plaintiff COPECA alleges that Defendant Petro Air has acted jointly with Defendant WASCO to coerce customers who seek WASCO's large aircraft ground handling services into also purchasing fueling services from Defendants.  When such customers agree to purchase fueling services from Defendants, the fuel itself is supplied by Petro Air and the service of loading the fuel into the plane is provided by WASCO.

Plaintiff alleges that WASCO is able to coerce customers into purchasing the tied product (fueling services) because WASCO is currently the only supplier capable of providing the tying product (ground handling services) to aircraft at the Rafael Hernández Airport in Aguadilla, Puerto Rico.  In particular, Plaintiff COPECA alleges that in July 2008, customer Atlas Air was forced by WASCO to change its plan to purchase fueling services from COPECA.  Atlas Air allegedly made the change because WASCO informed Atlas Air that WASCO would refuse to supply ground handling services if Atlas Air simultaneously contracted COPECA for fueling services.  Plaintiff alleges that such an arrangement constitutes an illegal tying arrangement that violates United States antitrust laws.

CIVIL NO. 08-2090 (JP)          -3-

## II.  LEGAL STANDARD FOR A MOTION TO DISMISS

According to the United States Supreme Court, "once a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint." Bell Atl. Corp. v. Twombly, 127 S. Ct. 1955, 1969 (2007).  As such, in order to survive a motion to dismiss, a complaint must state a claim to relief that is plausible on its face, not merely conceivable. Id. at 1974.  The First Circuit has interpreted Twombly as sounding the death knell for the oft-quoted language of Conley v. Gibson, 355 U.S. 41, 45-46 (1957), that "a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Rodríguez-Ortiz v. Margo Caribe, Inc., 490 F.3d 92, 94-95 (1st Cir. 2007), quoting Twombly, 127 S. Ct. at 1969.  Still, a court must "treat all allegations in the Complaint as true and draw all reasonable inferences therefrom in favor of the plaintiff." Rumford Pharmacy, Inc. v. City of East Providence, 970 F.2d 996, 997 (1st Cir. 1992).  Under Federal Rule of Civil Procedure 8(f), "[a]ll pleadings shall be so construed as to do substantial justice."

## III. ANALYSIS

Defendant Petro Air moves to dismiss the claims against it, arguing that Plaintiff's only basis in the complaint for naming Petro Air as a Defendant is the allegation that Petro Air is a related

CIVIL NO. 08-2090 (JP)          -4-

entity or affiliate of Defendant WASCO.  Petro Air explains that in fact the two Defendants are entirely distinct corporate entities.  Therefore, Petro Air argues, any actions by WASCO to misuse its power in the market for ground handling to force purchases of fueling services cannot be attributed to Petro Air.  The Court will now consider Defendant Petro Air's arguments.

To establish an illegal tying arrangement, a plaintiff must show the following four elements: (1) the tying and the tied products are actually two distinct products; (2) there is an agreement or condition, express or implied, that establishes a tie; (3) the entity accused of tying has sufficient economic power in the market for the tying product to distort consumers' choices with respect to the tied product; and (4) the tie forecloses a substantial amount of commerce in the market for the tied product.  <u>Borschow Hosp. and Medical Supplies, Inc. v. César Castillo Inc.</u>, 96 F.3d 10, 17 (1st Cir. 1996).

The Court has assessed Plaintiff's likelihood of success on each of these elements in its Opinion and Order addressing Plaintiff's motion for a preliminary injunction.  The Court finds that Plaintiff's allegations on each element rise to the level of plausibility as required by <u>Twombly</u>, 127 S. Ct. 1955.  However, Defendant Petro Air argues that even if it is shown that WASCO coerced customers into buying a tied product, Petro Air is not an

CIVIL NO. 08-2090 (JP)        -5-

affiliate of WASCO and is not responsible for the alleged arrangement.

In the typical tying scenario, a single Defendant sells both the tying and the tied products.  However, a tying violation may also exist when the two products are sold by different suppliers who agree to collaborate in carrying out the tying arrangement.  See, e.g., Ohio-Sealy Mattress Mfg. Co. v. Sealy, Inc., 585 F.2d 821, 834-835 (7th Cir. 1978) (finding that tying arrangement may exist when separate entities sell the tying and tied product, so long as the seller of the tying product has an economic interest in the sale of the tied product through the provision of a kick-back or similar arrangement); González v. St. Margaret's House Housing Development Fund Corp., 880 F.2d 1514, 1517 (2nd Cir. 1989) (finding liability possible when tied product is furnished by company unrelated to seller of tying product, even absent a showing of economic interest on the part of the seller of the tying product).

In the instant case, the alleged arrangement under which customers who seek WASCO ground handling services are coerced into buying Petro Air fuel may constitute an illegal tie-in, despite the fact that the two products are sold by different companies.  If a tying arrangement is found to exist, the next question is whether the seller of the tied product, Petro Air, can be held liable for the arrangement under which the seller of the tying product, WASCO, leverages its power in one market to influence customer choice in

CIVIL NO. 08-2090 (JP)             -6-

another market.  Although the case law on this issue is limited, prior decisions have found that under certain circumstances, the seller of the tied product may also be held liable.  <u>Imperial Point Colonnades Condominium, Inc. v. Manqurian</u>, 549 F.2d 1029, 1043 (5th Cir. 1977); <u>Warner Management Consultants, Inc. v. Data General Corp.</u>, 545 F. Supp. 956, 968-969) (N.D. Ill. 1982) (". . . if the tying agreement itself is found to be unlawful, then both the seller of the tying product . . . and the seller of the tied product . . . may be held liable . . .").

   Because Plaintiff COPECA's complaint alleges that Defendant Petro Air has participated in the alleged tying arrangement as the seller of the tied product, the Court finds that Plaintiff has adequately alleged its cause of action against Petro Air.  Petro Air is incorrect in arguing that Plaintiff's only allegations against said Defendant are that Petro Air is an affiliate of Defendant WASCO. Plaintiff also includes allegations that Petro Air and WASCO act jointly in engaging in the alleged anticompetitive behavior, and that the two Defendants have conspired amongst themselves to condition WASCO's ground handling service upon the simultaneous purchase of Petro Air fuel.  Such allegations state a cognizable claim for an illegal tying arrangement, and therefore said claim will be allowed to proceed.



CIVIL NO. 08-2090 (JP)        -7-

**IV.  CONCLUSION**

In conclusion, the Court **DENIES** Defendant Petro Air's motion to dismiss.

**IT IS SO ORDERED.**

In San Juan, Puerto Rico, this 25th day of August, 2009.

                                           s/Jaime Pieras, Jr.
                                          JAIME PIERAS, JR.
                                       U.S. SENIOR DISTRICT JUDGE